**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UBS AG, LONDON BRANCH,<br><br>Plaintiff,<br>Counterclaim-Defendant<br><br>- against -<br><br>GREKA INTEGRATED, INC.,<br><br>Defendant,<br>Counterclaim-Plaintiff. | **Civil Action No. 19 Civ. 10786 (LLS) (KNF)** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF QUINN EMANUEL URQUHART & SULLIVAN LLP TO WITHDRAW AS COUNSEL OF RECORD FOR GREKA INTEGRATED, INC. AND FOR A STAY OF PROCEEDINGS FOR THIRTY DAYS**

## PRELIMINARY STATEMENT

Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel" or "Counsel") respectfully submits this memorandum of law in support of its motion, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for Greka Integrated, Inc. ("GIT") in Civil Case No. 19-CV-10786 (LLS) (KNF) (the "Action"). Professional considerations require termination of Counsel's representation of GIT. GIT has been informed of and consents to the termination of Counsel's representation, and granting this motion will not prejudice GIT or any other party.

Counsel also requests that the Court grant an order for a stay of all proceeding for a period of thirty (30) days to enable GIT to obtain new counsel. That period of time is necessary in order to enable GIT to find new counsel, and the short stay will not materially impact the Action.

## STATEMENT OF FACTS

On October 21, 2019, UBS filed a Motion for Summary Judgment in Lieu of Complaint against GIT in the Supreme Court of the State of New York. *See* Attachment No. 1 to Dkt. No. 5. Quinn Emanuel has represented GIT since the inception of the Action (*see* Dkt. Nos. 4 and 6), and has zealously defended it.

At this time, professional considerations that fall under the list of reasons to withdraw enumerated in New York Rules of Professional Conduct Rule 1.16 (b) and (c) (*Declining or Terminating Representation*) require the termination of Quinn Emanuel's representation of GIT. *See* Declaration of Peter. E. Calamari (hereinafter, "Calamari Decl.") ¶ 3. Requiring Counsel to provide further information may require the disclosure of Confidential Information, as defined under New York Rules of Professional Conduct Rule 1.6. *Id.*

Granting Counsel's request will not prejudice GIT or any other party in this Action. On April 23, 2020, the Court granted Plaintiff UBS AG, London Branch's ("UBS's") Motion for Summary Judgment in Lieu of Complaint and dismissed GIT's counterclaims, such that all substantive briefing an argument before this Court on those claims is complete. Dkt. No. 38. No discovery has occurred in the matter, and no other motions are pending before the Court. Calamari Decl. ¶ 5. Briefing and argument on the sole remaining issue in the case – the calculation of damages – has been referred to Magistrate Judge Kevin N. Fox.[1] Thus, GIT will not be prejudiced by a withdrawal of counsel at this natural break in the case. Also, GIT is aware of and consents to these requests in the Motion (Calamari Decl. ¶ 6), further ensuring that it will not be prejudiced by the granting of this Motion.

Counsel requests that the Court to grant an order for a stay of the Action for a period of thirty (30) days. That period of time is necessary in order to enable GIT to find new counsel. Calamari Decl. ¶ 4.

Finally, Quinn Emanuel is not seeking a retaining or charging lien in the Action. Calamari Decl. ¶ 7.

## ARGUMENT

**I.  QUINN EMANUEL SHOULD BE ALLOWED TO WITHDRAW AS COUNSEL OF RECORD.**

Local Civil Rule 1.4, which governs the permissive withdrawal of counsel, provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be

---

[1] On June 15, 2019, Magistrate Judge Fox entered an order that: (1) on or before July 10, 2020, the plaintiff shall file evidence to enable the Court to calculate the amount of interest, fees and costs due to it; (2) on or before July 31, 2020, the defendant shall submit any evidence challenging the plaintiff's submission(s); and (3) on or before August 14, 2020, the plaintiff may file any reply. Dkt. No. 40.

> granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Courts have repeatedly allowed counsel to withdraw from matters pursuant to this rule. *See, e.g.*, *Karimian v. Time Equities*, No. 10 Civ. 3773(AKH)(JCF), 2011 WL 1900092, at *3 (May 11, 2011) (allowing permissive withdrawal of counsel of record); *Hallmark Capital Corp. v. Red Rose Collection*, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997*)* (allowing permissive withdrawal of counsel of record).

New York's Rules of Professional Conduct also expressly recognize that withdrawal is required and/or appropriate in certain circumstances. *See* N.Y. Rules of Prof'l Conduct R. 1.16 (b) and (c) (providing a list of enumerated reasons that counsel shall or may withdraw from representation).

Here, Counsel is requesting to withdraw from representation because of professional considerations that fall under the list of reasons enumerated in New York Rules of Professional Conduct Rule 1.16 (b) and (c). To be clear, Counsel is not seeking to withdraw only for permissive reasons listed in Rule 1.16 (c)—although that would in fact be enough basis standing alone for the Court to grant this motion[2]—but, rather, Counsel *must* withdraw pursuant to the terms of Rule 1.16 (b).

Counsel's statement that it seeks permission to withdraw because of professional considerations provides a satisfactory basis for the Court to grant Counsel's request. *See* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3

---

[2] *See*, *e.g.*, *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (granting motion to withdraw pursuant to Local Rule 1.4).

("the Rules anticipate that the court will usually not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal"). Requiring Counsel to provide further information may require the disclosure of Confidential Information, as defined under New York Rules of Professional Conduct Rule 1.6.

## II.  THE TIMING OF WITHDRAWAL AND A SHORT STAY OF THIRTY DAYS WILL NOT NEGATIVELY IMPACT THE TIMING OF THESE PROCEEDINGS

"[I]n considering a motion to withdraw pursuant to Local Rule 1.4, the Court must also consider the posture of the case, and whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Karimian*, 2011 WL 1900092, at *3 (quoting *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999) (in turn quoting *Brown v. National Survival Games, Inc.*, No. 91 CV 221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)) (quotations and alterations omitted). "Where discovery in a case has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Id.* (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011)) (in turn quoting *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989)) (quotations omitted).

Here, there has been no discovery in the matter, and granting Counsel's motion to withdraw will not prejudice any party or materially negatively impact the timing of these proceedings. The Court has already issued an order concerning the substantive claims and counterclaims in this Action, such that there will be no discovery, further briefing, or trial on those claims. While Magistrate Judge Fox has issued a schedule for the parties to brief the issue of the amount of interest, fees and costs that should be awarded to UBS, a short extension for GIT's submission of its brief will not prejudice the parties in the Action. Consequently, the

5

posture of this case is at a logical point for withdrawal of counsel as the parties pivot from the substantive claims to the calculation of damages. No prejudice will result to any party, and the timing of the proceedings will not be materially disrupted should the Court issue a short stay for a period of thirty days to allow GIT to retain other counsel.

## CONCLUSION

For all of the foregoing reasons, Quinn Emanuel respectfully requests that the Court grant the relief requested herein and enter an order (1) directing that Quinn Emanuel and its attorneys Peter E. Calamari and Brian Campbell are relieved as counsel of record for GIT in this Action; and (2) staying the Action for thirty (30) days.

DATED: July 14, 2020                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                         By  */s/ Peter E. Calamari*

                                         Peter Calamari
                                         Brian Campbell
                                         51 Madison Ave., 22nd Floor
                                         New York, NY 10010
                                         Telephone: (212) 849-7000
                                         Facsimile: (212) 849-7100

                                         Attorneys for Defendant, Counterclaim Plaintiff
                                         Greka Integrated, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, I caused a true and correct copy of Memorandum of Law in Support of Quinn Emanuel Urquhart & Sullivan LLC's Motion to Withdraw as Counsel of Record and for a Stay of Proceedings for Thirty Days to be served by electronic means on Defendant, Counterclaim-Plaintiff Greka Integrated, Inc. and counsel to all other parties in Civil Case No. 19 Civ. 10786 (LLS) (KNF).

QUINN EMANUEL URQUHART & SULLIVAN, LLP

_____
Peter Calamari
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
petercalamari@quinnemanuel.com

Attorneys for Defendant, Counterclaim-Plaintiff Greka Integrated, Inc.