ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBS AG, LONDON BRANCH,

                Plaintiff,

   - against -

GREKA INTEGRATED, INC.,

                Defendant.

19 Civ. 10786 (LLS)

ORDER

    The Court's April 23, 2020 Opinion and Order found that, in addition to the $100 million in unpaid principal, defendant is liable for the interest and fees set forth in Sections 2.05-2.06 of the Agreements, which require payment for the "administrative agent fees", "deferred closing fees", and interest on the "Loans". In its discussion of damages, the Court also references the letters UBS attached as proof of the amounts of principal, interest, fees, and costs due at the time UBS sent the notices to the Borrowers. Dkt. No. 38 at 12. Some of the amounts listed in those letters (for example, the "Rincon Loan Advances and advisory and collateral management fees" and "legal fees") account for the "out of pocket expenses" UBS alleges were incurred "in connection with the enforcement or protection of its rights" or "during any workout, restructuring or negotiations in respect of [the] Loans", pursuant to Section 9.03 of the Credit Agreements. See e.g., November 21, 2019 Default Letter, at Dkt. No. 43-12.

    Upon further review, the Court clarifies that it did not

-1-

determine defendant's liability with regards to those aforementioned expenses covered by Section 9.03 (which plaintiff now characterizes as "costs", see February 8, 2021 Letter at 2) or the "Performance Payments" defined in Section 1.01 of the Second Lien Credit Agreement. Liability for those categories of damages should be subject to further consideration before this Court, prior to any calculation of interest, fees and costs by Magistrate Judge Fox, to determine whether imposition of those damages is proper in this case. See 24/7 Records, Inc. v. Sony Music Entm't, Inc., 566 F. Supp. 2d 305, 319-20 (S.D.N.Y. 2008)("[I]n any breach of contract action, regardless of the ultimate theory of damages, the party breaching the contract is liable for those risks foreseen or which should have been foreseen at the time the contract was made.") (internal quotations omitted).

As such, plaintiff shall, by March 15, 2021, file supplemental briefing on the issue of defendant's liability for those damages it seeks pursuant to Section 9.03 and for the "Performance Payments". Defendant shall file its responding brief by March 29, 2021.

So ordered.

Dated:   New York, New York
         February 26, 2021

                                           _____
                                              Louis L. Stanton
                                                  U.S.D.J.