ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBS AG, LONDON BRANCH,

          Plaintiff,

   - against -

GREKA INTEGRATED, INC.,

          Defendant.

19 Civ. 10786 (LLS)

OPINION & ORDER

On March 23, 2021, plaintiff UBS AG, London Branch ("UBS") moved pursuant to Federal Rule of Civil Procedure 64 and CPLR § 5229 for an order (i) authorizing UBS to examine defendant Greka Integrated, Inc. ("GIT") concerning any assets belonging to it, including permitting UBS to serve document requests and interrogatories, and take depositions; and (ii) restraining GIT, and any person, company, or other entity controlled by GIT, from transferring or otherwise dissipating any of its assets. On April 6, 2021, defendant GIT filed a motion opposing plaintiff's request and moving for reconsideration of the Court's April 23, 2020 grant of summary judgment in favor of plaintiff, and upon reconsideration, for an order vacating that ruling and entering summary judgment in GIT's favor. The parties' motions are disposed of as follows:

1. GIT's Motion for Reconsideration and Summary Judgment

Under Fed. R. Civ. P. 54 and Local Rule 6.3, a party may move for reconsideration within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within

-1-

fourteen (14) days after the entry of the judgment.

The Court entered its Summary Judgment Order on April 23, 2020. Dkt. No. 38. That Order held GIT liable for $100 million for repayment of the two loans, plus interest, fees and costs. Nearly one year later, GIT filed its current motion for reconsideration. Dkt. No. 75. While GIT's motion is untimely, the Court will consider the merits of its argument.

During the bankruptcy proceedings, and subsequent to the Guaranties, plaintiff's affiliate, UBS AG, Stamford Branch, and the respective Court-appointed Bankruptcy Trustees executed the Trustee Credit Agreements, whereby UBS loaned money to the Trustees to enable the Borrower to continue its operations and maintain the value of its assets. Dkt. No. 42 at 8-9. GIT argues that those Trustee Credit Agreements modified the Borrower's obligations without GIT's consent and therefore discharged GIT from liability under its Guaranties. Df. Br. at 2. GIT moves for summary judgment and the dismissal of plaintiff's claims on that basis.

While an increase in credit to a borrower may discharge a guaranty in certain circumstances, one purpose of that discharge is to prevent further borrowing which may cause a default that implicates the guaranty. See Cmty. Nat'l Bank and Tr. Co. v. Cognetta, 88 A.D.2d 897, 898 (2d Dep't 1982). Here, the advancement of the loan that increased the Borrower's obligation occurred after the Borrowers were already in default, and after

GIT's obligations under the Guaranties had already vested. The post-bankruptcy agreements did not increase GIT's risk or make it liable for the funds advanced thereunder.[1]

Plaintiff also argues that Section 2.02 of the Guaranties waives the Guarantor's right to contest liability in these circumstances. Pl. Br. at 9-10. More specifically, plaintiff states that the various arguments GIT raises regarding the impact of the Trustee Credit Agreement on the Guarantor's obligations are barred by the clear language of the Guaranties, which provide that the obligations are "absolute, irrevocable, and unconditional. . . irrespective of any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense." Guaranties § 2.02, Dkt. Nos. 25-5, 25-6. "Courts enforce absolute guarantees that include waivers of defenses and counterclaims." In re S. Side House, LLC, 470 B.R. 659, 675 (Bankr. E.D.N.Y. 2012)(collecting cases).

Defendant does not address the waiver provision or contest plaintiff's argument in its briefing, and the Court concludes that GIT therefore concedes the issue and acknowledges that its defenses are barred by Section 2.02. See Scott v. JPMorgan Chase & Co., No. 13 CIV. 646 KPF, 2014 WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014), aff'd, 603 F. App'x 33 (2d Cir. 2015)(collecting cases in support of the proposition that a party may be deemed

---

[1] As both parties note, the Court's April 1, 2021 ruling held that Section 9.03(a) of the Credit Agreements did not extend liability to GIT for the amounts of working capital advanced under the Trustee Credit Agreements.

to have conceded an argument by failing to address it in its briefing).

GIT's motion for summary judgment and dismissal of UBS's claims is denied, and the Court's previous decisions as to GIT's liability remain final.

At this point, there is no just reason to delay an entry of final judgment pursuant to Fed. R. Civ. P. 54(b). All claims as to defendant's liability are finally decided, and the entry of judgment should not be delayed awaiting the determination of matters before Magistrate Judge Fox. Under the Order dated April 1, 2021, Judge Fox is determining the reasonableness and arithmetic calculation of the amounts owed for interest, Administrative Agent Fees and Deferred Closing Fees, Performance Payments, Advisory and Collateral Management fees, and Legal fees and costs, but those are matters separate from the entry of judgment. See Fed. R. Civ. P. 58(e); see also Correspondent Servs. Corp. v. J.V.W. Invs. Ltd., No. 99 CIV. 8934 (RWS), 2003 WL 221746, at *3 (S.D.N.Y. Jan. 31, 2003) ("there is no just reason for delay in the entry of a final judgment on liability, given that the largely ministerial task of determining the amount and reasonableness of attorneys' fees and expenses will not affect that judgment.")(internal citations and quotation marks omitted). Disposal of those matters will commence the running of the time for appeal under Fed. R. App. P. 4.

The Clerk is therefore directed to enter final judgment

with respect to defendant GIT in the amount of $100 million of unpaid principal, plus interest, fees, and costs.

2. UBS's Motion for Examination of GIT's Assets and for a Temporary Restraining Order

Given the entry of final judgment making the New York State relief under CPLR Articles 52 and 54 available to UBS, there is no need to award the requested prejudgment relief, and the motion for it (Dkt. No. 70) is denied.

So ordered.

Dated: New York, New York
May 4, 2021

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.